AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>The Persons of Curtis Snipes and Terry Ezell | ) ) ) ) ) )   Case No.   MJ21-195 |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

The persons of Curtis Snipes and Terry Ezell, as further described in Attachments A1 and A2, attached hereto and incorporated herein by reference.

located in the _____ Western _____ District of _____ Washington _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, List of Items to be Seized, attached hereto and incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

❏ contraband, fruits of crime, or other items illegally possessed;

❏ property designed for use, intended for use, or used in committing a crime;

❏ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g) | Felon in Possession of a Firearm |

The application is based on these facts:

See Affidavit of Shawna McCann, attached hereto and incorporated herein by reference.

☑ Continued on the attached sheet.

❏ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____ )* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

FBI Special Agent Shawna McCann
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ telephone _____ *(specify reliable electronic means)*.

Date: _____ 04/06/2021 _____

_____
*Judge's signature*

City and state: Seattle, Washington

Mary Alice Theiler, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT OF SHAWNA MCCANN

COUNTY OF KING            )
                          )
STATE OF WASHINGTON       )

I, Shawna McCann, a Special Agent with the Federal Bureau of Investigation (FBI), having been duly sworn, state as follows:

### INTRODUCTION

1.     This Affidavit is submitted for the limited purpose of establishing probable cause to search the following:

a.     The person of CURTIS G. SNIPES, who is more particularly described in Attachment A1 (attached hereto and incorporated herein). The purpose of the search is to obtain buccal swabs (swabs of the inside of his cheek or gums), which will be used to develop his DNA profile, as more particularly described in Attachment B (attached hereto and incorporated herein).

b.     The person of TERRY L. EZELL, who is more particularly described in Attachment A2 (attached hereto and incorporated herein). The purpose of the search is to obtain buccal swabs (swabs of the inside of his cheek or gums), which will be used to develop his DNA profile, as more particularly described in Attachment B (attached hereto and incorporated herein).

2.     While executing search warrants, agents recovered a pistol in the bedside table of a bedroom associated with CURTIS SNIPES; a revolver in the bedside table of another bedroom at a different residence associated with CURTIS SNIPES; and a pistol in the glove box of a vehicle driven by TERRY EZELL.  These firearms were, or will be, swabbed for future DNA analysis and a comparison to the DNA of CURTIS SNIPES and TERRY EZELL, respectively. The FBI DNA Laboratory will use CURTIS SNIPES's and TERRY EZELL's DNA reference samples obtained pursuant to these requested search warrants to generate a DNA profile, which will then be compared to any DNA profile generated from the DNA swabs taken from the firearms.

AFFIDAVIT OF SPECIAL AGENT SHAWNA MCCANN - 1
USAO # 2019R01083

## AFFIANT BACKGROUND AND QUALIFICATIONS

3.     I am employed as a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been employed with the FBI since September 2017. I am currently assigned to the Seattle Field Division where I am a member of the violent crime, gang, and Transnational Organized Crime – Western Hemisphere squad. In this capacity, I investigate, *inter alia*, violations of the Controlled Substance Act, Title 21, United States Code, Section 801 *et seq.*, and related offenses. I have received specialized training in the enforcement and investigation of the Controlled Substance Act. I have received over 400 hours of classroom training including, but not limited to, drug identification, drug interdiction, money laundering techniques and schemes, smuggling, and the investigation of individuals and/or organizations involved in the illegal possession, possession for sale, sales, importation, smuggling, manufacturing, and trafficking of controlled substances.

4.     In my role as a Special Agent for the FBI, I have participated in narcotics investigations (e.g., heroin, cocaine, marijuana, and methamphetamine) that have resulted in the arrest of individuals and the seizure of illicit narcotics and/or narcotics-related evidence and the forfeiture of narcotics-related assets. I have been involved in the service of federal and state search warrants as part of these investigations. I have encountered and have become familiar with various tools, methods, trends, paraphernalia, and related articles utilized by various traffickers in their efforts to import, export, conceal, and distribute controlled substances. I am also familiar with the manner in which drug traffickers use telephones, often cellular telephones, to conduct their unlawful operations, and how they code their conversations to disguise their unlawful activities. I am also familiar with the various methods of packaging, delivering, transferring, and laundering drug proceeds. Additionally, through my training and experience, I can identify illegal drugs by sight, odor, and texture.

5.     I have also worked on drug investigations involving the use of court-authorized wiretaps under Title III. In that capacity, I have had the opportunity to

AFFIDAVIT OF SPECIAL AGENT SHAWNA MCCANN - 2
USAO # 2019R01083

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 monitor, listen to, and review transcripts and line sheets (prepared by linguists)
2 documenting the content of hundreds of intercepted conversations involving the
3 trafficking of cocaine, methamphetamine, heroin, and other narcotics, by persons who
4 used some form of code to attempt to thwart law enforcement detection. I have also
5 interviewed defendants at the time of their arrest and have debriefed, spoken with, and/or
6 interviewed numerous drug dealers or confidential sources (informants) at proffer and
7 field interviews who were experienced in speaking in coded conversation over the
8 telephone. From these interviews, and also from discussions with other experienced
9 agents, I have gained knowledge regarding the various methods, techniques, codes,
10 and/or jargon used by drug traffickers in the course of their criminal activities, including
11 their use of firearms to protect their narcotics-related activities and of cellular telephones
12 and other electronic means to facilitate communications while avoiding law enforcement
13 scrutiny.

14       6.     I have written affidavits in support of court-authorized federal warrants and
15 orders in the Western District of Washington for GPS tracking of telephones, Pen
16 Register/Trap and Trace, and search warrants. Additionally, I have testified in grand jury
17 proceedings, written investigative reports, and conducted and participated in numerous
18 interviews of drug traffickers of various roles within drug organizations, which has
19 provided me with a greater understanding of the methods by which drug trafficking
20 organizations operate.

21       7.     I am an investigative law enforcement officer of the United States within
22 the meaning of 18 U.S.C. § 2510(7). As such, I am empowered to conduct investigations
23 of, and to make arrests for, violations of the Controlled Substance Act, Title 21, United
24 States Code, Section 801 *et seq.*, and related offenses.

25       8.     The facts set forth in this Affidavit are based on my own personal
26 knowledge; knowledge obtained from other individuals during my participation in this
27 investigation, including other law enforcement personnel; review of documents and
28 records related to this investigation; communications with others who have personal

AFFIDAVIT OF SPECIAL AGENT SHAWNA MCCANN - 3
USAO # 2019R01083

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

knowledge of the events and circumstances described herein; and information gained through my training and experience. Because this Affidavit is submitted for the limited purpose of establishing probable cause in support of the Application for a search warrant, it does not set forth each and every fact that I or others have learned during the course of this investigation.

## Background Regarding the Michael Walker DTO

9.    The United States, including the FBI, is conducting a criminal investigation of Michael Walker and the Michael Walker DTO regarding possible violations of Title 21, United States Code, Sections 841, 846, 843(b), and related crimes.

10.   Investigators believe Michael Walker to be a trafficker of narcotics in this District. To summarize, according to historical reports, Michael Walker has been a subject or person of interest in drug investigations at least as far back as 2016, including reports of Michael Walker making trips to and from Los Angeles to pick up narcotics and supplying cocaine to numerous individuals. In 2019, two separate individuals stated they had purchased cocaine from Michael Walker and/or Michael Walker's associates, Maghan Stenson, Stevie Allen, and Jamaal Davis, on several occasions in the past.

11.   Beginning in 2019, the FBI and Seattle Police Department (SPD) began investigating Michael Walker and the drug trafficking organization (DTO) Michael Walker is affiliated with within the Western District of Washington. Through the use of confidential source information and traditional investigative techniques, agents[1] identified several individuals, including Michael Walker, Maghan Stenson, Jamaal Davis, James Lowe, Kevin Gipson, and Stevie Allen who are involved in the trafficking and distribution of drugs in this District.

---

[1] When I use the term "agents" throughout this Affidavit, I am referring to law enforcement personnel, including but not limited to FBI agents and intel personnel, DEA agents, IRS agents, task force officers, and Seattle Police Department sergeants, detectives, and officers.

AFFIDAVIT OF SPECIAL AGENT SHAWNA MCCANN - 4
USAO # 2019R01083

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

12.     On July 9, 2020, the Honorable Ricardo S. Martinez, Chief United States District Judge for the Western District of Washington, signed an order authorizing the interception of wire and electronic communications of Michael Walker (TT8), Kevin Gipson (TT6), and Stevie Allen (TT7), and others yet unknown, to and from TT8, TT6, and TT7. As set forth in the court-authorized wiretap Application and Affidavit, there is probable cause to believe that TT8, TT6, and TT7 are being used in furtherance of a drug trafficking conspiracy, as well as a conspiracy to commit the offense of money laundering. Interception of TT8 and TT6 commenced on July 9, 2020, and terminated on August 7, 2020. Interception of TT7 commenced on July 10, 2020, and terminated on August 7, 2020. During the period of interception, agents identified Jerrell Ingram (TT12), Jimmy Carter (TT13 and TT20), Jamar Howard (TT14), Larry Collins (TT16), Herbert Scott (TT17), and David Kelley (TT19) as sources of supply of narcotics to other associates of the Michael Walker DTO including Kevin Gipson (TT6) and Michael Walker (TT8).

13.     On September 3, 2020, the Honorable Ricardo S. Martinez, Chief United States District Judge for the Western District of Washington, signed an order authorizing the interception of wire and electronic communications of Jerrell Ingram (TT12), Jimmy Carter (TT13 and TT20), Jamar Howard (TT14), Larry Collins (TT16), Herbert Scott (TT17), and David Kelley (TT19), and others yet unknown, to and from TT12, TT13, TT14, TT16, TT17, TT19, and TT20. As set forth in the court-authorized wiretap Application and Affidavit, there is probable cause to believe that TT12, TT13, TT14, TT16, TT17, TT19, and TT20 are being used in furtherance of a drug trafficking conspiracy, as well as a conspiracy to commit the offense of money laundering. Interception of these Target Telephones commenced on September 3, 2020, and terminated on October 2, 2020. During the period of interception, agents identified Sergio Reyes-Pina (TT18 and TT38), Raul Barreto Bejines (TT34), Kefentse Olabisi (TT30), Yusef Parrish (TT43), Curtis Snipes (TT39), and David Kelley (TT19) as sources of supply of narcotics to other associates of the Michael Walker DTO including Jimmy

AFFIDAVIT OF SPECIAL AGENT SHAWNA MCCANN - 5
USAO # 2019R01083

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Carter (TT13 and TT20), Jamar Howard (TT14), Herbert Scott (TT17), and Larry Collins

2  (TT16).

3         14.     On October 23, 2020, the Honorable Ricardo S. Martinez, Chief United

4  States District Judge for the Western District of Washington, signed an order authorizing

5  the interception of wire and electronic communications of Sergio Reyes-Pina (TT18 and

6  TT38), Raul Barreto Bejines (TT34), Kefentse Olabisi (TT30), Yusef Parrish (TT43),

7  Curtis Snipes (TT39), and David Kelley (TT19), and others yet unknown, to and from

8  TT18, TT38, TT34, TT30, TT43, TT39, and TT19. As set forth in the court-authorized

9  wiretap Application and Affidavit, there is probable cause to believe that TT18, TT38,

10  TT34, TT30, TT43, TT39, and TT19 are being used in furtherance of a drug trafficking

11  conspiracy, as well as a conspiracy to commit the offense of money laundering.

12  Interception of these Target Telephones commenced on October 23, 2020, and terminated

13  on November 21, 2020.[2] During the period of interception, agents identified Samuel

14  Duarte Avila (TT45 and TT62), Cesar Arambula (TT59), and EUGENE MCGEE (TT23)

15  as sources of supply of narcotics to other associates of the Michael Walker DTO,

16  including Larry Collins, Randolph Brown, Sergio Reyes-Pina, David Armer, and Elyas

17  Kerow.

18         15.     On February 8, 2021, the Honorable Ricardo S. Martinez, Chief United

19  States District Judge for the Western District of Washington, signed an order authorizing

20  the interceptions of wire and electronic communications of Samuel Duarte Avila (TT45

21  and TT62), Eugene McGee (TT23), and Larry Collins (TT16), and wire communications

22  of Cesar Arambula (TT59), and others yet unknown to and from these phones. As set

23  forth in the court-authorized wiretap Application and Affidavit, there is probable cause to

24  believe that TT45, TT62, TT59, TT23, and TT16 are being used in furtherance of a drug

25

26  [2] On October 28, 2020, and October 30, 2020, investigators executed search warrants on three homes, three vehicles,
and one person, all connected to Curtis Snipes. At the conclusion of the execution of these search warrants,

27  collectively seven guns, six phones, more than $92,000, and approximately one quarter kilogram of cocaine were
seized. One of the phones seized was TT39, used by Curtis Snipes. Because that phone came into police custody,

28  interception was intentionally discontinued on November 2, 2020.

AFFIDAVIT OF SPECIAL AGENT SHAWNA MCCANN - 6
USAO # 2019R01083

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  trafficking conspiracy, as well as a conspiracy to commit the offense of money

2  laundering. Interception of these Target Telephones commenced on February 8, 2021,

3  and terminated on March 9, 2021.[3]

4  <u>SUMMARY OF PROBABLE CAUSE</u>

5  **Firearms Seized from Curtis Snipes's Residence and Terry Ezell's Vehicle.**

6  16.    On October 28, 2020, at approximately 11:30 a.m., CURTIS SNIPES

7  (identification discussed below) on TT39 received a text message from phone number

8  (206) 920-8517, later identified as Michael Hopkins as discussed below, reading, "Should

9  let me baby sit." (Session 161.) CURTIS SNIPES responded, "Whatever." (Session 165.)

10  Based on my training and experience, the training and experience of other agents I am

11  working with, and a prior investigation into this same gang set, I know that the term

12  "baby" is commonly used by this gang set and drug traffickers to refer to 4.5 ounces of

13  narcotics (about one-eighth of a kilogram), specifically in this context cocaine. I believe

14  that Michael Hopkins was asking CURTIS SNIPES to front him 4.5 ounces of cocaine

15  for Michael Hopkins to sell and then repay CURTIS SNIPES.[4]

16  17.    On October 28, 2020, at approximately 3:56 p.m., CURTIS SNIPES using

17  TT39 called Michael Hopkins at phone number (206) 920-8517. (Session 196.) During

18  this call the following discussion took place:

19  Hopkins: You need to let me baby sit [front him 4.5 ounces of cocaine to sell].

20  TT39: Oh yeah. I ain't got a problem with it. You know…

21  Hopkins: Yeah. Uh, shit where you at, the city or…?

22  TT39: Uh, yeah, I'm in the city right now.

23

24  _____

25  [3] Agents, on their own initiative and after reviewing the intercepted communications on TT16 during this period, made the decision to terminate wire and electronic interceptions on TT16 on March 2, 2021, prior to the full thirty-

26  day period authorized.

[4] Based on prior conversations that investigators intercepted between CURTIS SNIPES and his

27  customers/redistributors, it appears that CURTIS SNIPES regularly fronts cocaine to his customers/redistributors. For instance, he has discussed going to meet with them in order to collect money from them for narcotics that he had

28  previously provided them. Michael Hopkins's terminology of "babysitting" also indicates to investigators that he expected to receive the cocaine to sell and then pay CURTIS SNIPES for it at a later time.

AFFIDAVIT OF SPECIAL AGENT SHAWNA MCCANN - 7
USAO # 2019R01083

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Hopkins: Ok, well shit. I'm in Texas. I gotta go to Mexico [further south], and

2    then shit, I'll be in the city later on, so.[5]

3    TT39: Oh no, I'm coming right back out that way, so I'll call you when I'm on my

4    way back out that way.

5    Hopkins: Ok.

6        18.    Based on my training and experience, I believe that this is a continuation of

7    the conversation between CURTIS SNIPES and Michael Hopkins, in which Hopkins is

8    asking to get fronted 4.5 ounces of cocaine by CURTIS SNIPES and that the parties

9    agreed to talk later to arrange a meeting to conduct the narcotics transaction.

10        19.    On October 28, 2020, at approximately 9:21 p.m., CURTIS SNIPES using

11    TT39 called Michael Hopkins at phone number (206) 920-8517. (Session 223.) During

12    this call the following discussion took place:

13    Hopkins: Hello.

14    TT39: Where you at?

15    Hopkins: Uh, shit. On my way. Just leaving the city.

16    TT39: Huh?

17    Hopkins: I'm just leaving the city.

18    TT39: Alright, I'm waiting on you.

19    Hopkins: Ok.

20    TT39: Alright.

21        20.    On October 28, 2020, at approximately 10:07 p.m., Michael Hopkins using

22    phone number (206) 920-8517 called CURTIS SNIPES at TT39. (Session 224.) During

23    this call CURTIS SNIPES told Michael Hopkins to "come on" and that he was "about to

24    go to bed." Michael Hopkins told CURTIS SNIPES to give him "three to five minutes."

25

26    _____

27    [5] Investigators are unfamiliar with this particular slang but presume that it references Michael Hopkins being south
of CURTIS SNIPES's location, and needing to go further south before he could meet up with CURTIS SNIPES.

28    Michael Hopkins was plainly not in Texas or Mexico, as he met with CURTIS SNIPES at CURTIS SNIPES's
residence in Tacoma later that day.

AFFIDAVIT OF SPECIAL AGENT SHAWNA MCCANN - 8
USAO # 2019R01083

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Based on my training and experience, I believe CURTIS SNIPES told Michael Hopkins

2  that he was at his house about to go to bed and to come to the house to conduct the

3  narcotics transaction for the "baby," referencing the 4.5 ounces of cocaine, and that

4  Michael Hopkins said he would be at CURTIS SNIPES's house in about three to five

5  minutes. Based on prior physical surveillance, GPS location data for TT39, and a pole

6  camera installed in the vicinity of 3651 South Tyler Street, Tacoma, Washington, agents

7  know that CURTIS SNIPES resides at 3651 South Tyler Street, Tacoma, Washington

8  (Subject Premises 2). Around the time of the above-referenced phone calls, GPS location

9  data for TT39 indicated that the phone device was at Subject Premises 2. On the evening

10 of October 28, 2020, via remote pole camera surveillance, agents observed that a 2004

11 silver BMW 530 sedan bearing Washington license plate 887ZOM, registered to Fay

12 Alecander aka Fay Alexander and Diamond Alexander at 6603 4th Street E, Tacoma,

13 Washington (Subject Vehicle 1) and a 2016 silver Mercedes C sedan bearing Washington

14 license plate BWE7253, registered to Lacharl Patrice Carter at 3220 81st Place SE, Unit

15 220, Mercer Island, Washington, were parked in the driveway of Subject Premises 2.

16        21.    On October 28, 2020, at approximately 10:12 p.m., Michael Hopkins using

17 phone number (206) 920-8517 texted CURTIS SNIPES at TT39, reading "Outside."

18 (Session 225.) Around that same time, via the remote pole camera surveillance, agents

19 observed a truck pull into the driveway of Subject Premises 2 and park behind Subject

20 Vehicles 1 and 2. A male exited the truck and was observed making a phone call on a cell

21 phone. Around that time at approximately 10:13 p.m., CURTIS SNIPES on TT39

22 received a phone call from Michael Hopkins using phone number (206) 920-8517.

23 (Session 227.) During the call, Michael Hopkins told CURTIS SNIPES that he was

24 outside, and CURTIS SNIPES said "alright." A few seconds later, Michael Hopkins went

25 inside Subject Premises 2. About seven minutes later, at approximately 10:20 p.m.,

26 Michael Hopkins was observed exiting Subject Premises 2, getting into the truck, and

27 driving off. Agents followed Michael Hopkins driving in the truck from Subject Premises

28 2. Michael Hopkins drove directly to a shopping center about ten minutes away. Before

AFFIDAVIT OF SPECIAL AGENT SHAWNA MCCANN - 9
USAO # 2019R01083

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   Michael Hopkins made any stops or got out of the vehicle, agents conducted a traffic stop

2   on Michael Hopkins as he was entering the shopping center parking lot. Agents

3   conducted a probable cause search of Michael Hopkins and his truck and located

4   approximately 4.5 ounces of cocaine in the front pouch of Michael Hopkins's hoodie that

5   he was wearing, and a box of ammunition in his truck. He was positively identified as

6   Michael Hopkins from identification on his person, and he was released at the scene.

7        22.    On October 28, 2020, at approximately 11:00 p.m., Michael Hopkins using

8   phone number (206) 920-8517 sent a text message to CURTIS SNIPES at TT39, reading

9   "911." (Session 230.) Using the same phone, Michael Hopkins also attempted to call

10  CURTIS SNIPES, who did not answer. (Session 232.) Michael Hopkins had provided the

11  phone number (206) 920-8517 to investigators as his own phone number during the

12  traffic stop. Based on my training and experience, I believe that Michael Hopkins was

13  alerting CURTIS SNIPES to the fact that police had stopped him shortly after leaving

14  CURTIS SNIPES's house, Subject Premises 2, and had found cocaine on him.

15       23.    On October 28, 2020, at approximately 11:42 p.m., via remote pole camera

16  surveillance, agents observed a male on a motorbike pull into the driveway of Subject

17  Premises 2 and walk up to the door of CURTIS SNIPES's house; a few seconds later, the

18  male walked inside Subject Premises 2. The male was wearing the same clothing as

19  Michael Hopkins was during the traffic stop. Specifically, Michael Hopkins had been

20  wearing a black baseball hat, blue Seahawks sweatshirt or hoodie, and blue sweatpants

21  during the stop; the person who met with CURTIS SNIPES was as well. Michael

22  Hopkins is about 6'2" and 220 pounds, consistent with the person investigators saw

23  meeting with CURTIS SNIPES. The truck that Michael Hopkins was driving when

24  stopped by investigators was registered to him. A search of Washington State Department

25  of Licensing records shows that a motorbike similar in appearance to the one

26  investigators observed is also registered to Michael Hopkins. At approximately 11:59

27  p.m., the male exited Subject Premises 2 and drove off on the motorbike. Agents believe

28

AFFIDAVIT OF SPECIAL AGENT SHAWNA MCCANN - 10
USAO # 2019R01083

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   that the male was Michael Hopkins, and that he returned to CURTIS SNIPES's house to

2   tell CURTIS SNIPES about having just been stopped by law enforcement.

3       24.     On October 29, 2020, at approximately 12:19 a.m., via remote pole camera

4   surveillance, agents observed CURTIS SNIPES quickly exit Subject Premises 2, as if he

5   were in a hurry, carrying a duffel bag. CURTIS SNIPES placed the duffel bag in Subject

6   Vehicle 1 and drove off. Based on prior intercepted calls on TT39 discussed above,

7   agents believe that CURTIS SNIPES was in possession of up to six kilograms of cocaine

8   that he was trying to sell/re-distribute to his close circle of trusted associates, including

9   Jamar Howard (TT14) and Yusef Parrish (TT43). (Sessions 45, 60, 78, 81, 135, 169, 171,

10  207.) Agents believe that CURTIS SNIPES was relocating his supply of cocaine,

11  concealed in the duffel bag, after learning that agents had just stopped Michael Hopkins

12  almost immediately after Michael Hopkins had left CURTIS SNIPES's house (Subject

13  Premises 2) following their narcotics transaction.

14      25.     On October 30, 2020, the Honorable Brian A. Tsuchida, Chief United

15  States Magistrate Judge for the Western District of Washington, signed a search warrant

16  for Subject Premises 2, Subject Vehicle 1, and the person of Curtis G. Snipes. The

17  warrant also authorized agents to search 3220 81st Place SE, Unit 220, Mercer Island,

18  Washington 98040 (Subject Premises 1), another residence where agents knew CURTIS

19  SNIPES spent time, and another vehicle associated with CURTIS SNIPES (Subject

20  Vehicle 2).[6]

21      26.     On October 30, 2020, at approximately 12:07 p.m., CURTIS SNIPES using

22  TT39 called TERRY EZELL (identification discussed below) at phone number (206)

23  773-7737. (Session 258.) During this call the following discussion took place:

24      Ezell: When you get off?

25      TT39: Uh, 3:30

26

27  _____

28  [6] As referenced above, *see* note 2, agents also obtained and executed a search warrant for a vehicle and residence
    associated with CURTIS SNIPES on October 28, 2020. Neither of those locations are at issue in this Application.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   Ezell: Uh, you gonna, you gonna slide through or…

2   TT39: Yeah. Yep, I hear you. You meet me outside?

3   Ezell: Uh, down by your spot?

4   TT39: Yeah.

5   Ezell: Uh, yep. Wait, wait wait. Let me look…let me look at the time.

6   TT39: Huh?

7   Ezell: Uh, I'm looking at the time.

8   TT39: [unintelligible]

9   Ezell: Yeah imma pull up. I can pull up. What's that 3:30?

10   TT39: Yeah.

11   Ezell: Ok, alright.

12       27.    Based on my training and experience, and other intercepted calls of

13   CURTIS SNIPES, I believe that TERRY EZELL and CURTIS SNIPES agreed to meet

14   up to conduct a drug-related transaction. CURTIS SNIPES and his associates, including

15   his narcotics customers/re-distributors whom he supplies, frequently use the term "slide

16   through" as coded language for a drug-related transactions, including CURTIS SNIPES

17   dropping off narcotics, picking up narcotics proceeds, or exchanging narcotics for money.

18   I know that CURTIS SNIPES worked at Darigold in Seattle and got off at work around

19   3:30 p.m. On October 30, 2020, agents had physical surveillance on CURTIS SNIPES

20   and saw him and Subject Vehicle 1 at Darigold. Accordingly, I believe that CURTIS

21   SNIPES arranged to meet with TERRY EZELL outside of Darigold at 3:30 p.m. when

22   CURTIS SNIPES got off of work.

23       28.    On October 30, 2020, at approximately 3:30 p.m., agents observed

24   CURTIS SNIPES exit the employee door/gate of Darigold and wave at a male in a 2017

25   Hyundai Elantra sedan bearing Washington license plate BQR7928, registered to Lena

26   Mae Jones at 310 25th Avenue, Seattle, Washington (Subject Vehicle 3). CURTIS

27   SNIPES and the male, later identified as TERRY EZELL, exchanged hand signals,

28   indicating that TERRY EZELL in Subject Vehicle 3 wanted CURTIS SNIPES to follow

AFFIDAVIT OF SPECIAL AGENT SHAWNA MCCANN - 12
USAO # 2019R01083

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   him. CURTIS SNIPES got into Subject Vehicle 1 and followed TERRY EZELL in

2   Subject Vehicle 3 to a parking lot around the corner from Darigold. In the parking lot,

3   agents observed CURTIS SNIPES exit Subject Vehicle 1 and get into the front passenger

4   seat of Subject Vehicle 3 and meet with TERRY EZELL. About a minute later, agents

5   conducted a vehicle stop on Subject Vehicle 3 and Subject Vehicle 1.

6        29.    Agents made contact with CURTIS SNIPES in the front passenger seat of

7   Subject Vehicle 3, identified him as CURTIS SNIPES based on a comparison to his

8   driver's license photograph and from being familiar with him from prior physical

9   surveillance during this investigation, and removed him from that vehicle. Agents

10   conducted a protective sweep/search of CURTIS SNIPES and the areas of Subject

11   Vehicle 3 that were within arm's reach of CURTIS SNIPES, to include the unlocked

12   glove compartment on the front passenger side of Subject Vehicle 3. Agents observed a

13   firearm in the glove compartment of Subject Vehicle 3, which agents left in place in the

14   vehicle and closed the glove compartment. Agents also contacted the driver of Subject

15   Vehicle 3, who was identified as TERRY EZELL based on the identification he

16   presented.

17        30.    Agents are aware that both CURTIS SNIPES and TERRY EZELL are

18   felons, including having federal felony convictions, and are prohibited from possession a

19   firearm. Agents impounded Subject Vehicle 3 and obtained a search warrant, which was

20   subsequently executed, and agents recovered from the glove box a Springfield Arms

21   9mm pistol bearing serial number BY298347; it was found loaded with a round

22   chambered.

23        31.    A short time later, on October 30, 2020, agents conducted a full search of

24   CURTIS SNIPES's person and Subject Vehicle 1 pursuant to the federal search warrants

25   issued earlier that day. On CURTIS SNIPES's person, agents located four cell phone

26   devices and $7,746.00 wrapped/rolled in a rubber band. The denominations of bills were

27   consistent with narcotics proceeds; specifically, predominantly smaller bills—$20s and

28   $10s—indicative of street level drug transactions/prices. Based on the above referenced

AFFIDAVIT OF SPECIAL AGENT SHAWNA MCCANN - 13
USAO # 2019R01083

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 call, other intercepted calls where CURTIS SNIPES has discussed "sliding through" to

2 pick up money and/or drop off narcotics with his associates/re-distributors, investigators

3 believe that the money found on CURTIS SNIPES was narcotics proceeds and that

4 CURTIS SNIPES met with TERRY EZELL to receive the narcotics proceeds from

5 TERRY EZELL.

6      32.    In the evening of October 30, 2020, agents conducted a search of Subject

7 Premises 1 and Subject Premises 2. In Subject Premises 2 (the location where Michael

8 Hopkins had gone to meet with CURTIS SNIPES before and after he was stopped with

9 about 4.5 ounces of cocaine, or a "baby," on October 29, 2020), agents located a Smith &

10 Wesson SW9V 9mm pistol bearing serial number PAY3159 in a bedside table, two

11 digital scales, a heat sealer, and heat seal bags. In addition, there was a large ceiling panel

12 with insulation on the bed in the bedroom where the firearm was located, which matched

13 an open ceiling panel leading to the attic, as if someone had retrieved something from

14 that space and not closed it back up. In the pantry of Subject Premises 2, agents located

15 several boxes of ammunition. Finally, agents located a passport in CURTIS SNIPES's

16 name at Subject Premises 2, as well as mail addressed to CURTIS SNIPES at that

17 address.[7] Agents did not locate evidence suggesting that additional people resided at

18 Subject Premises 2, beyond CURTIS SNIPES.

19      33.    When agents executed the search warrant on Subject Premises 1, they

20 contacted the occupant, Lacharl Carter, who identified herself as CURTIS SNIPES's

21 girlfriend. Lacharl Carter showed agents the bedroom that she shared with CURTIS

22 SNIPES when he stayed at her residence and identified the side of the bed on which

23 CURTIS SNIPES usually slept. Agents located a loaded revolver model RG23 bearing

24 serial number T474567 in the bedside table drawer on the side of the bedroom where

25 CURTIS SNIPES's slept and where it also appeared that he kept his clothes, as well as

26 $10,000 in US currency (also banded with rubber bands) stored next to the firearm.

27

28

---

[7] Agents also located at Subject Premises 2 mail addressed to CURTIS SNIPES at yet another address.

AFFIDAVIT OF SPECIAL AGENT SHAWNA MCCANN - 14
USAO # 2019R01083

1   During the interview of Lacharl Carter, she stated that she did not know there was a

2   firearm in the apartment and had never seen the firearm before. Lacharl Carter stated that

3   the only other person who had been in the apartment (excluding her minor daughter) was

4   CURTIS SNIPES, who had spent the night prior at the apartment. Lacharl Carter also

5   acknowledged that she was aware that CURTIS SNIPES did keep a firearm at his

6   primary residence in Tacoma, Washington (Subject Premises 2), and provided a

7   description of that firearm that matched the Smith & Wesson pistol that agents had

8   located at Subject Premises 2.

9       34.   Each of the items seized (i.e., the firearm from TERRY EZELL's car and

10  the two firearms from two different residences where CURTIS SNIPES stays) were

11  photographed in place and collected as evidence by FBI Seattle. FBI Seattle then sent two

12  of the three firearms to the FBI Lab in Quantico, Virginia for DNA testing and latent

13  print analysis where the firearms were swabbed and the swabs preserved for future DNA

14  analysis and a direct comparison to the DNA from CURTIS SNIPES and TERRY

15  EZELL. Agents will be sending the third firearm to the FBI Lab shortly.

16      35.   On March 18, 2021, ATF Special Agent Claudia Grigore, who has received

17  specialized training in the recognition and identification of firearms and ammunition and

18  their place of manufacture, reviewed photographs of the pistol recovered in CURTIS

19  SNIPES's residence (Subject Premises 2). Based on her training and experience, SA

20  Grigore made a preliminary determination that the pistol is a firearm within the meaning

21  of Title 18, United States Code, Section 921(a)(3), and that it was not manufactured in

22  the state of Washington. As a result, the firearm must have traveled in/or affected

23  interstate or foreign commerce in order to be possessed in the state of Washington. The

24  other two firearms have not yet been evaluated with respect to their place of manufacture,

25  although I am aware that Springfield Armory is not based in Washington.

26      36.   CURTIS SNIPES has been convicted of the following felony crime

27  punishable by imprisonment for a term exceeding one year: *Distribution of Cocaine*

28  *Base*, on or about November 26, 1996, in the United States District Court for the Western

AFFIDAVIT OF SPECIAL AGENT SHAWNA MCCANN - 15
USAO # 2019R01083

1  District of Washington, cause number CR96-425. The original sentence imposed was 135
2  months.

3       37.    TERRY EZELL has been convicted of the following felony crimes
4  punishable by imprisonment for a term exceeding one year: *Felon in Possession of a*
5  *Firearm* and *Possession of Cocaine Base with Intent to Distribute*, on or about July 11,
6  2008, in the United States District Court for the Western District of Washington, cause
7  number CR05-273. The original sentence imposed was 262 months. I have spoken with a
8  U.S. probation officer in this District, who has confirmed that TERRY EZELL is
9  currently on supervised release in this District following his release from prison.

10       **INFORMATION ABOUT DNA**

11       38.    Based on my training and experience, I know that each human has his or
12  her own Deoxyribose Nucleic Acid (DNA) markers, and that, since the inception of the
13  use of DNA in forensic science, DNA analysis has been widely used for identification.
14  Humans may leave traces of their DNA on objects (such as firearms and ammunition) in
15  various forms, including, but not limited to, semen, sweat, and blood. In addition, based
16  on my training and experience, I know that crime laboratories can identify the source of
17  DNA obtained from a crime scene by the comparison of that DNA profile to the DNA
18  profiles of persons from whom it may have originated.

19       39.    Based on my training and experience, I know that DNA is typically
20  collected from a person by rubbing one or more long cotton swabs against the inner
21  cheek. The swabs are then preserved by being placed in a sterile container and sealed. If
22  this search warrant application is approved, I will follow these protocols by swabbing
23  CURTIS SNIPES's and TERRY EZELL's inner cheek/gum area with one or more long
24  cotton swabs, provided to me in sterile form. I will then place the cotton swabs in a sterile
25  container and seal the container. I will then place the sterile container containing the
26  swabs into another container that will be sealed and sent to FBI's DNA laboratory for
27  analysis.

28  / / /

AFFIDAVIT OF SPECIAL AGENT SHAWNA MCCANN - 16
USAO # 2019R01083

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**CONCLUSION**

40.     Based on the information set forth above, I respectfully submit that there is probable cause to believe that the DNA evidence to be gathered pursuant to this Affidavit will contain evidence of the offense of *Felon in Possession of a Firearm*, in violation of Title 18, United States Code, Section 922(g)(1) as to CURTIS SNIPES and TERRY EZELL. I therefore request authority to search CURTIS SNIPES and TERRY EZELL, who are each more particularly described in Attachments A1 and A2, and to seize up to six buccal swabs from them, as more particularly described in Attachment B.

SHAWNA MCCANN
Special Agent
Federal Bureau of Investigation

The above-named agent provided a sworn statement attesting to the truth of the contents of the foregoing affidavit on the 6th day of April, 2021.

MARY ALICE THEILER
U.S. MAGISTRATE JUDGE

AFFIDAVIT OF SPECIAL AGENT SHAWNA MCCANN - 17
USAO # 2019R01083

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTACHMENT A1**

**(Person to be Searched)**

CURTIS G. SNIPES, date of birth 06-30-1970.

ATTACHMENT A1 - 1
USAO # 2019R01083

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTACHMENT A2**

**(Person to be Searched)**

TERRY L. EZELL, date of birth 08-05-1966.

ATTACHMENT A2 - 1
USAO # 2019R01083

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2

**ATTACHMENT B**

**(Items to Be Seized)**

3
4
5

From the individuals identified in Attachments A1 and A2: Up to six swabs each of their inner cheek/gum areas (i.e., buccal swabs), to be used to develop a DNA profile for comparison purposes.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ATTACHMENT B - 1
USAO # 2019R01083

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970